JANET M. HEROLD, Regional Solicitor
SUSAN SELETSKY, Chief Counsel for FLSA Litigation
JESSICA M. FLORES (CSBN 294060)
VERONICA MELENDEZ (CSBN 294106)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Tel: (415) 625-7748
Fax: (415) 625-7772
Email: Flores.Jessica@dol.gov;
Melendez.Veronica@dol.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HUGLER, Secretary of Labor, United States Department of Labor,[1] <br><br> Plaintiff, <br><br> v. <br><br> EUROAMERICAN PROPAGATORS, LLC, a California corporation; JOHN RADER, individually and as managing agent of the corporate defendant; GERALD CHURCH, individually and as managing agent of the corporate defendant, <br><br> Defendants. | Case No.: **'17CV131 H RBB** <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C.§ 201** *et seq.* |

---

[1] Edward Hugler was designated to serve as the acting Secretary of Labor, effective January 20, 2017.

COMPLAINT   1

# NATURE OF ACTION

1. Plaintiff, Edward Hugler, Acting Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-219 ("FLSA" or "the Act") in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees substandard wages.

2. In this action, the Secretary seeks to enjoin EuroAmerican Propagators, LLC, John Rader and Gerald Church (collectively "Defendants") under Section 17, 29 U.S.C § 217, of the Act, from violating the minimum wage provisions of the FLSA from shipping goods made in violation of the Act Section 15(a)(1), 29 U.S.C § 215(a)(1) (the "hot goods" provision), and discouraging employees not to pursue their rights under the FLSA or coercing them to accept substandard wages or work without pay. The Secretary also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for a judgment against Defendants for unpaid wages that have accrued since November 28, 2016, and an additional equal amount as liquidated damages, due to their current and former employees, including the persons listed in the attached Exhibit A.

# PARTIES

3. Plaintiff Edward Hugler is the acting Secretary of Labor for the United States Department of Labor.

4. At all relevant times, Defendant EuroAmerican Propagators, LLC's ("EuroAmerican") has been and is a corporation organized and existing under the laws of California. EuroAmerican operates and maintains a wholesale plant nursery facility in Bonsall, California, its principal place of business. EuroAmerican operates and maintains its facility within the jurisdiction of the Court. At all relevant times, EuroAmerican has

employed employees to operate the business and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to EuroAmerican's employees, including the persons listed on Exhibit A to this Complaint.

5. Defendant John Rader ("Rader"), on information and belief, resides within the jurisdiction of this Court, and is an owner and managing member of EuroAmerican. Rader has been, at all relevant times, an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of EuroAmerican Propagators, LLC, in relation to its employees. Rader establishes the governing actions and policies for the company, determines its employment practices, has the authority to hire and fire employees, and set wages and working conditions. As such, Rader is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to EuroAmerican's employees.

6. Defendant Gerald Church ("Church"), on information and belief, resides within the jurisdiction of this Court, and is an owner and managing member of EuroAmerican. Church has been, at all relevant times, an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of EuroAmerican Propagators, LLC, in relation to its employees. Church is Acting General Manager, responsible for sales and operations and, as such implements and oversees the company's policies with respect to its employees, with the authority to hire and fire employees and set their working conditions. As such, Church is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to EuroAmerican's employees.

## JURISDICTION

7. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

## VENUE

8. Venue lies in the Southern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in Bonsall, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. At all relevant times, EuroAmerican was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA because (a) EuroAmerican had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (b) EuroAmerican had an annual gross volume of sales made or business done of not less than $500,000.

10. Defendants John Rader and Gerald Church, own and operate EuroAmerican Propagators, LLC. The business address for EuroAmerican is 32149 Aquaduct Road, Bonsall, California 92003. The business activities of EuroAmerican constitute related activities performed through unified operation or common control, by John Rader and Gerald Church, for a common business purpose; and are, and at all relevant times have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

11. EuroAmerican is, and at all relevant times was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales done of not less than $500,000. Defendants' employees regularly and recurrently produced, worked on, handled, and sold a large variety of plants for commerce, and handled and used equipment and materials that had moved in interstate commerce.

12. Starting with the pay period beginning on November 28, 2016, Defendants EuroAmerican, John Rader, and Gerald Church have employed up to 238 employees to make and produce plants for their wholesale nursery to be sold in interstate commerce, who have not been paid <u>any</u> wages for their work performed.

13. Defendants EuroAmerican, John Rader, and Gerald Church have failed to pay <u>any</u> wages for at least four (4) two-week pay periods, including those ending on: December 11, 2016, December 30, 2016, January 8, 2017 and January 22, 2017. These bi-weekly pay periods include work performed beginning November 28, 2016.

14. Since November 28, 2016, Defendants have shipped or sold plants in interstate commerce that Defendants' employees worked on.

15. EuroAmerican represented to the DOL that they would voluntarily restrain from selling and shipping hot goods on Friday, January 20, 2017, but on information and belief, continued to ship and sell hot goods.

## FIRST CAUSE OF ACTION

(Violating Hot Goods Provisions of the FLSA)

16. The Secretary incorporates by reference the allegations in paragraphs 1 to 15 of the Complaint.

17. Defendants, employers subject to the provisions of the FLSA, repeatedly violated and continue to violate Section 15(a)(1) of the FLSA, 29 U.S.C. §§ 215(a)(1), as it is unlawful for any person to transport, offer for transportation, ship, deliver, or sell in commerce, or to ship, deliver, or sell with knowledge that shipment or delivery of sale thereof in commerce is intended, any goods in the production of which any employee was employed who was not paid at least the federal minimum wage for all hours worked.

18. Since November 28, 2016, Defendants have willfully violated and continue to violate the hot goods provisions of the FLSA, 29 U.S.C. 215(a)(1). Defendants knew or should have known of the FLSA's hot goods provision but nevertheless shipped goods in interstate commerce that were made without complying with the requirements of the FLSA. Section 17 of the FLSA, 29 U.S.C. §217, authorizes the Court to enter a judgment

COMPLAINT 5

that enjoins and restrains this violation, including restraining Defendants from shipping goods that were produced in violation of the FLSA.

## SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wage in Violation of the FLSA)

19. The Secretary incorporates by reference the allegations in paragraphs 1 to 18 of the Complaint.

20. Defendants EuroAmerican, John Rader, and Gerald Church have repeatedly violated and continue to willfully violate the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees wages at rates less than the effective minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

21. Since November 28, 2016 to the present, EuroAmerican, John Rader, and Gerald Church, failed to pay any wages to their employees, including the employees identified on Exhibit A. Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed workers without compensating them. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid minimum wage found by the Court to be due to present and former employees.

## THIRD CLAIM FOR RELIEF
(Violating Section 15(a)(3) of the FLSA)

22. The Secretary incorporates by reference the allegations in paragraphs 1 to 21 of the Complaint.

23. Defendants EuroAmerican, John Rader, Gerald Church have violated and continue to violate the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3),

by discouraging employees from reporting Defendants' wage violations or otherwise pursuing their rights under the FLSA and by coercing employees to accept substandard wages or to work without pay.

24. At all relevant times, and at least since November 28, 2016, Defendants have willfully violated and continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants continue to engage in coercive behavior, including by discouraging employees from vindicating their rights under the FLSA and coercing them to accept substandard wages or work without pay.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants EuroAmerican, Rader, and Church, and all those in active concert or participation with them from shipping, transporting, selling or offering to sell goods in interstate commerce that were produced without complying with the requirements of the FLSA in violation of FLSA Section 15(a)(1);

B. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining EuroAmerican, Rader, Church, and all those in active concert or participation with them from prospectively violating Sections 6 and 15(a)(3) of the FLSA, , 29 U.S.C. § 206, 215(a)(3);

C. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining EuroAmerican, Rader, Church, and all those in active concert or participation with them from prospectively violating the provisions of the FLSA §§ 15(a)(1), 15(a)(2), and 15(a)(3), 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(3);

D. For an Order under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants EuroAmerican, Rader and Church liable for unpaid minimum wage and overtime compensation due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, plus an additional equal amount in liquidated damages;
   a. The Secretary will refrain from collecting any portion of the amounts due from Defendant EuroAmerican as a result of it having filed for Chapter 7 bankruptcy on January 23, 2017, unless this bankruptcy action is dismissed;
E. In the event the Court does not award liquidated damages, for an Order restraining Defendants Rader and Church under Section 17 of the FLSA, 29 U.S.C. § 217, from continuing to withhold the payment of any unpaid wages that may be found by this Court to be due to current and former employees, including the persons listed on the attached Exhibit A, plus pre-judgment interest computed on the unpaid wages due;
   a. The Secretary will refrain from collecting any portion of the amounts due from Defendant EuroAmerican as a result of it having filed for Chapter 7 bankruptcy on January 23, 2017, unless this bankruptcy action is dismissed;
F. For an Order awarding the Secretary the costs of this action; and
G. For an Order granting other and further relief as may be necessary or appropriate.

DATED: January 24, 2017

Respectfully submitted,

KATHERINE E. BISSELL
Deputy Solicitor of Labor for Regional Enforcement

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

BY:/s/ Jessica M. Flores_____
JESSICA M. FLORES
VERONICA MELENDEZ
Trial Attorneys

Attorneys for Plaintiff
United States Department of Labor

COMPLAINT 9