# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>EUROAMERICAN PROPAGATORS, LLC, a California corporation; JOHN RADER, individually and as managing agent of the corporate defendant; GERALD CHURCH, individually and as managing agent of the corporate defendant,<br><br>Defendants. | Case No.: 17-cv-00131-H-RBB<br><br>**ORDER DENYING DEFENDANT GERALD CHURCH'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 15.] |

On June 8, 2017, Defendant Gerald Church filed a motion to dismiss Plaintiff R. Alexander Acosta's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15.) On June 28, 2017, the Court took the matter under submission

---

[1] The Court substitutes R. Alexander Acosta in place of Edward Hugler as the Plaintiff in this action pursuant to Federal Rule of Civil Procedure 25(d).

1

and notified the parties that the Court would consider the evidence attached to Defendant Church's motion in deciding the motion and convert the motion to dismiss into a motion for summary judgment. (Doc. No. 16.) On July 17, 2017, Plaintiff filed its opposition to Defendant Church's motion. (Doc. No. 22.) On July 24, 2017, Defendant Church filed his reply. (Doc. No. 23.) For the reasons below, the Court denies Defendant Church's motion.

## Background

Defendant EuroAmerican Propagators, LLC is a California limited liability company that during the relevant period, was operating and maintaining a wholesale plant nursery facility in Bonsall, California. (Doc. No. 12, FAC ¶ 5; Doc. No. 15-2, Church Decl. ¶ 2.) Defendants John Rader and Gerald Church founded EuroAmerican in 1992 and were 50/50 owners of the company. (Doc. No. 15-2, Church Decl. ¶¶ 2-3; Doc. No. 22-1, Rader Decl. ¶ 2.) Plaintiff alleges that starting with the pay period beginning on November 28, 2016, Defendants have employed up to 238 employees to make and produce plants for their wholesale nursery, who have not been paid any wages for the work performed. (Doc. No. 12, FAC ¶ 13.) EuroAmerican filed for bankruptcy in January 2017. (Doc. No. 22-1, Rader Decl. ¶ 3.)

On January 24, 2017, Plaintiff filed a complaint against Defendants EuroAmerican, Rader, and Church, alleging causes of action for: (1) violation of the Hot Goods Provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(1); (2) failure to pay minimum wages in violation of 29 U.S.C. §§ 206 and 215(a)(2); and (3) violation of 29 U.S.C. § 215(a)(3). (Doc. No. 1, Compl. ¶¶ 16-24.) On May 8, 2017, Defendant Church filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 6.)

In response to Defendant Church's motion to dismiss, on May 26, 2017, Plaintiff filed a first amended complaint against Defendants, alleging the same three causes of action as in the original complaint and adding a claim for violation of the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA"), 29 U.S.C. § 1862(c) and 29 C.F.R. § 500.81. (Doc. No. 12, FAC ¶¶ 21-30.) In light of the FAC, the Court denied as moot Defendant Church's motion to dismiss Plaintiff's original complaint. (Doc. No. 14.)

On June 8, 2017, Defendant filed a motion to dismiss Plaintiff's FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15.) Defendant Church argues that all of the claims in the FAC against him should be dismissed because he is not an "employer" under the FLSA or the MSPA. (Doc. No. 15-1 at 2.) In support of his motion to dismiss, Defendant Church attached certain evidence to his motion. (See Doc. Nos. 15-2, 15-3, 15-4, 15-5.) Accordingly, on June 28, 2017, the Court notified the parties that it would consider this evidence in deciding Defendant's motion, and the Court converted Defendant Church's motion to dismiss into a motion for summary judgment. (Doc. No. 16.) See Fed. R. Civ. P. 12(d); Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003); San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998).

## Discussion

### I. Legal Standards for Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fortune Dynamic, 618 F.3d at 1031 (internal quotation marks and citations omitted); accord Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an

3

17-cv-00131-H-RBB

essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. Id. at 322-23; Jones v. Williams, 791 F.3d 1023, 1030 (9th Cir. 2015). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting former Fed. R. Civ. P. 56(e)); accord Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this burden, the non-moving party "may not rest upon mere allegation or denials of his pleadings." Anderson, 477 U.S. at 256; see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("On summary judgment, . . . the plaintiff can no longer rest on the pleadings."). Rather, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). The court should not weigh the evidence or make credibility determinations. See Anderson, 477 U.S. at 255. "The evidence of the non-movant is to be believed." Id. Further, the Court may consider other materials in the record not cited to by the parties, but the Court is not required to do so. See Fed. R. Civ. P. 56(c)(3); Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

**II. Analysis**

Defendant Church argues that he is entitled to summary judgment of Plaintiff's claims because he is not an "employer" under the FLSA or the MSPA. (Doc. No. 15-1 at 8-17.) In response, Plaintiff argues that Defendant Church's motion should be denied because there is at least a factual dispute as to whether he was an "employer" during the relevant period. (Doc. No. 22 at 6-15.)

///

///

A. Legal Standards for Determining Whether a Person is an "Employer" under the FLSA and the MSPA

The FLSA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "[T]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'" Lambert v. Ackerley, 180 F.3d 997, 1011–12 (9th Cir. 1999) (en banc); see also Hale v. State of Ariz., 993 F.2d 1387, 1393 (9th Cir. 1993) ("The Supreme Court has instructed that courts are to interpret the term "employ" in the FLSA expansively."). "The determination of whether an employer-employee relationship exists does not depend on 'isolated factors but rather upon the circumstances of the whole activity.'" Boucher v. Shaw, 572 F.3d 1087, 1091 (9th Cir. 2009) (quoting Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947)). "The touchstone is the 'economic reality' of the relationship." Id.

"Where an individual exercises 'control over the nature and structure of the employment relationship,' or "economic control' over the relationship, that individual is an employer within the meaning of the [FLSA], and is subject to liability." Lambert, 180 F.3d at 1012. "Th[e Ninth] [C]ircuit, in deciding if an employer-employee relationship exists, has applied an 'economic reality' test which identifies four factors: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1324 (9th Cir. 1991) (quoting Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)). "While these factors 'provide a useful framework for analysis . . . , they are not etched in stone and will not be blindly applied.'" Hale, 993 F.2d at 1394. Whether a defendant is an "employer" under the FLSA is a question of law based on underlying facts. See Bonnette, 704 F.2d at 1469 ("Although the underlying facts are reviewed under the clearly erroneous standard the legal

effect of those facts—whether appellants are employers within the meaning of the FLSA—is a question of law."); Solis v. Velocity Exp., Inc., No. CV 09-864-MO, 2010 WL 2990293, at *2 (D. Or. July 26, 2010).

The MSPA defines the term "agricultural employer" as "any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(2). "The term 'employ' has the same meaning under the [MS]PA as under the FLSA." Torres-Lopez v. May, 111 F.3d 633, 639 (9th Cir. 1997) (citing 29 U.S.C. § 1802(5)). Thus, courts also apply the "economic reality" test in determining whether an employer-employee relationship exist under the MSPA. See id.; Moreau v. Air France, 356 F.3d 942, 947 (9th Cir. 2004).

B. Analysis

In his motion, Defendant Church explains that he and Rader were 50/50 owners of EuroAmerican. (Doc. No. 15-1 at 3; see Doc. No. 15-2, Church Decl. ¶ 3.) Church further explains that although he shared the day-to-day management duties of EuroAmerican with Rader from 1997 to 2014, in or around December 2014, he relinquished the day-to-day duties to Rader. (Doc. No. 15-1 at 3; see Doc. No. 15-2, Church Decl. ¶¶ 4-7, 10.) Church argues that because he, thereafter, had no day-to-day management duties or any direct operational control of significant aspects of EuroAmerican, he was not an "employer" under the FLSA or MSPA during the relevant period. (Doc. No. 15-1 at 14-17.)

In response, Plaintiff has presented the Court with evidence from which a reasonable fact finder could conclude that Defendant Church had the power to hire and fire employees. Former Regional Sales Broker Ruben Suarez states in his declaration that Church specifically approved his hiring in 2016. (Doc. No. 22-5, Suarez Decl. ¶¶ 3-4.) In addition, both Defendant Rader and Tom Foley, Chief Operations Officer of EuroAmerican, state in declarations that Church was involved in the firing of employee Minerva Ramirez and the elimination of her department in August 2016. (Doc. No. 22-1, Rader Decl. ¶ 6; Doc. No.

22-2, Foley Decl. ¶ 7.) Foley and Suarez further state in their declarations that in early 2017, Church directed many of the employees at issue to leave the company and told them that they would not be paid. (Doc. No. 22-2, Foley Decl. ¶ 11; Doc. No. 22-5, Suarez Decl. ¶¶ 3-4.) Church admits to this specific interaction in his declaration. (Doc. No. 15-2, Church Decl. ¶ 18.)

Further, Plaintiff has presented the Court with evidence from which a reasonable fact finder could conclude that Defendant Church had authority over some of the conditions of employment. Ruben Suarez states in his declaration that "Church continuously and on a regular basis during 2016 and 2017 toured the nursery and interviewed and directed employees as to their job assignments." (Doc. No. 22-5, Suarez Decl. ¶ 9; see also Doc. No. 22-4, Flint Decl. ¶¶ 5-6.)

In addition, Plaintiff has presented the Court with evidence from which a reasonable fact finder could conclude that Defendant Church had authority over employee pay. Kristi Hill, a staff accountant for EuroAmerican, states in her declaration that in mid-to-late 2016, Defendant Church made various contributions to and directed payments to the employee payroll. (Doc. No. 22-3, Hill Decl. ¶¶ 4-7.) Foley also states in his declaration that in late 2016, he observed Church direct finance department employees to prioritize certain expense payments over employee pay. (Doc. No. 22-2, Foley Decl. ¶ 10.) Further, Rader states in his declaration that Church refused to sign a Wells Fargo line of credit guarantee, which had a negative impact on EuoAmerican's ability to continue its business and meet its payroll obligations.[2] (Doc. No. 22-1, Rader Decl. ¶ 4.) The Ninth Circuit has explained that a defendant that has "control over the purse strings" has "substantial" power over the employment relationship. Bonnette, 704 F.2d at 1470. In addition, the Court notes that it is undisputed that Church was a 50/50 owner in the company along with Mr. Rader, (see Doc. No. 15-2, Church Decl. ¶ 3; Doc. No. 22-1, Rader Decl. ¶ 2), and "an ownership stake

---

[2] In his reply brief, Defendant Church admits that he refused to sign the line of credit guarantee, and that he advised Rader that EuroAmerican should declare bankruptcy. (Doc. No. 23 at 3.)

7

17-cv-00131-H-RBB

[i]s highly probative of an individual's employer status, as it suggests a high level of dominance over the company's operations" (citation omitted)). Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 48 (1st Cir. 2013). In sum, this evidence presented by Plaintiff is sufficient to raise genuine issues of fact as to whether Defendant Church had authority over employee hiring/firing, conditions of employment, and employee pay, and, thus, as to whether Defendant Church was an "employer" under the FLSA and the MSPA.

Defendant Church disputes much of the above evidence and offers contradictory evidence in support of his motion. For example, Defendant Church argues and provides evidence that, in January 2017, he simply told the employees at issue that EuroAmerican did not have money to pay them for their work, but he did not make the decision to terminate their employment. (Doc. No. 15-1 at 14-15; see Doc. No. 15-2, Church Decl. ¶ 18; Doc. No. 15-4, Raisty Decl. ¶ 11.) But in deciding a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party, here Plaintiff. Scott, 550 U.S. at 378. And "[t]he evidence of the non-movant is to be believed." Anderson, 477 U.S. at 255. Defendant Church's evidence at best only creates genuine disputes of fact as to whether he had authority over employee hiring/firing, conditions of employment, and employee pay. Moreover, because the facts underlying the determination of whether Church was an "employer" under the FLSA and MSPA are in dispute, the Court cannot decide this issue as a matter of law at the summary judgment stage.

Church also argues that Plaintiff only proffers evidence of isolated or sporadic instances of economic or operational control by Church over the employment relationship. (Doc. No. 23 at 2.) But "'[employer] status [under the FLSA] does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA.'" Irizarry v. Catsimatidis, 722 F.3d 99, 110 (2d Cir. 2013) (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)); see also Chao v. Pac. Stucco, Inc., No.

2:04CV0891-RCJ-GWF, 2006 WL 2432862, at *5 (D. Nev. Aug. 21, 2006) ("It is well established that a corporate officer without direct daily supervisory responsibilities over employees can still qualify as an employer under the FLSA.").

In sum, there are a genuine disputes of fact as to the facts underlying the determination of whether Defendant Church was an "employer" under the FLSA and the MSPA. Accordingly, Defendant Church is not entitled to summary judgment on this issue at this stage in the proceedings.

## Conclusion

For the reasons above, the Court denies Defendant Church's motion for summary judgment.

**IT IS SO ORDERED.**

DATED: August 14, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT